IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:09-00099-05

KENNETH E. PERTILLO,
    also known as "Kid"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Suppress Evidence (Doc. 250). For the following reasons, this motion is **DENIED**.

**Background**

Defendant is charged with the felony offense of possession with intent to deliver cocaine base. On June 12, 2009, Huntington Police Department officers pulled over a car driven by Thomas Redding based on prior knowledge that Mr. Redding's driver's license was invalid. Mr. Pertillo was a passenger in the car. The officers were aware that both Mr. Redding and the Defendant were suspected of illegal drug trafficking in the area. Officer Preece observed suspected marijuana on the console between Mr. Redding and Mr. Pertillo, at which point the officers had the occupants exit the car. The officers conducted a pat-down search of both Mr. Pertillo and Mr. Redding, finding a large amount of cash in mostly twenty dollar bills on the Defendant. Corporal Franklin testified at the hearing on this motion that based on his training and experience, the amount and denominations found on the Defendant are commonly found in the possession of drug dealers. The officers also searched the vehicle. Corporal Franklin found a bag containing suspected marijuana in the floorboards near the passenger seat occupied by Mr. Pertillo. Corporal Franklin testified that the

floorboards of the vehicle were searched to determine if there were weapons or evidence of an ongoing crime. The officers then arrested Mr. Redding for driving without a license and Defendant for possession of a controlled substance.

Both Redding and Pertillo were transported to the Huntington Police Department for processing. During the search incident to arrest, which included a body cavity search, eight baggies were found in the anus of the Defendant, which tested positive as cocaine base. Defendant challenges the officers' probable cause for his arrest, and, therefore, moves for suppression of all evidence obtained through the search incident to arrest as fruit of the poisonous tree.

**Probable Cause Standard**

To justify an arrest the facts and circumstances known to the officer must be sufficient for "a prudent person, or one of reasonable caution," to believe that the suspect has committed or is committing an offense. *United States v. Williams*, 10 F.3d 1070, 1073–74 (4th Cir. 1993) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). The Supreme Court has explained that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Thus, instead of requiring an "airtight case", "officers must be given leeway to draw reasonable conclusions from confusing and contradictory information" in establishing probable cause. *Taylor v. Farmer*, 13 F.3d 117, 121–22 (4th Cir. 1993). In determining whether an officer had probable cause for an arrest, the facts are examined to determine whether, when "'viewed from the standpoint of an objectively reasonable police officer, [they] amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

**Analysis**

Defendant agrees that the initial stop of Mr. Redding's vehicle was reasonable. However, Defendant argues that the arresting officer had no evidence to demonstrate the Defendant knew of the marijuana under the car's floorboards nor that Defendant knew the marijuana was in the car; therefore, the officers had no evidence of Defendant's constructive possession of the marijuana. *See, e.g.*, *United States v. Zandi*, 769 F.2d 229, 234 (4th Cir. 1985); *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Defendant asserts that more than mere presence in the car is required to establish constructive possession. Further, Defendant emphasizes Corporal Franklin's testimony regarding the money found on the Defendant during the pat-down search prior to arrest. During his testimony, Corporal Franklin stated that the amount and denominations found on the Defendant are, based on his training and experience, typical of drug dealers. However, he further testified that he did not rely on the money as the basis for the arrest. Defendant concludes that because of the lack of evidence that Defendant had knowledge of the marijuana in the car and because the officers did not rely on the money found on the Defendant, the officers lacked probable cause for Defendant's arrest. Therefore, Defendant argues, the evidence obtained through the subsequent search conducted at the Huntington Police Department should be suppressed pursuant to the "fruits of the poisonous tree" doctrine. *See, e.g.*, *Wong Sun v. United States*, 371 U.S. 471 (1963).

This argument runs contrary to established precedent. In *United States v. Sakyi*, the Fourth Circuit stated that

> when drugs are suspected in a vehicle and the suspicion is not readily attributable to any particular person in the vehicle, it is reasonable to conclude that all occupants of the vehicle are suspect. They are in the restricted space of the vehicle presumably by choice and presumably on a common mission.

160 F.3d 164, 169 (4th Cir. 1998). The Supreme Court similarly has concluded that it is "an entirely reasonable inference . . . that any or all three of the occupants [of the vehicle] had knowledge of, and exercised dominion and control over, the cocaine. Thus a reasonable officer could conclude that there was probable cause to believe [the defendant] committed the crime of possession of cocaine, either solely or jointly." *Pringle*, 540 U.S. at 372. The probable cause standard is an objective standard. *Ornelas*, 517 U.S. at 696; *Pringle*, 540 U.S. at 371, 372. The officers' subjective belief regarding Defendant's knowledge of the marijuana does not matter. Instead, whether a reasonably objective police officer could conclude that there was probable cause that Defendant was in possession of the marijuana is determinative.

Here, officers initially observed suspected marijuana in plain view in the vehicle. *See, e.g.*, *United States v. Jackson*, 131 F.3d 1105, 1109 (4th Cir. 1997), *citing Horton v. California*, 496 U.S. 128, 136–37 (1990); *and United States v. Williams*, 41 F.3d 192, 196 (4th Cir. 1994). The officers therefore removed Defendant and Mr. Redding from the vehicle and conducted a pat down search of both. *See, e.g.*, *Sakyi*, 160 F.3d at 168–69. The officers then searched the vehicle, during which they found additional suspected marijuana in the floorboards of the car. Corporal Franklin testified that the search, and, in particular, the search of the floorboards, was executed to determine whether there were weapons, or contraband or evidence of a crime. Such searches are allowable without a warrant. *See, e.g.*, *United States v. Holmes*, 376 F.3d 270, 280–81 (4th Cir. 2004), *cert. denied*, 543 U.S. 1011 (2005) (finding that where police reasonably believe a suspect may be dangerous, there may be easily accessible weapons in the vehicle, and that the suspect may endanger the safety of the officers or others nearby, a warrantless search of the vehicle is authorized); *Maryland v. Dyson*, 527

U.S. 465, 466 (1999) (finding probable cause that contraband or evidence of a crime is contained in a vehicle is needed for warrantless searches, but exigent circumstances are not).

In sum, officers had observed in plain view suspected marijuana; they therefore had sufficient probable cause to execute a warrantless search of Mr. Redding's car for contraband. Further, they knew Mr. Redding and Mr. Pertillo were suspected of illegal drug trafficking, creating an additional objectively reasonable basis to search the car to ensure their own safety. The officers subsequently uncovered additional suspected marijuana in the floorboards of the vehicle near Defendant's seat. This provided sufficient probable cause under *Sakyi* and *Pringle* to attribute the drugs to the Defendant and place him under arrest. Therefore, the money found on the Defendant during the pat down was not needed by the officers as a basis for Defendant's arrest. Because the Court finds there was sufficient probable cause for the initial arrest of Mr. Pertillo, the Defendant fails to establish that the exclusionary rule applies to the cocaine base found in the subsequent search incident to arrest. For the foregoing reasons, the Court **DENIES** the Defendant's Motion to Suppress.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

                                      ENTER:       October 13, 2010

                                      ROBERT C. CHAMBERS
                                      UNITED STATES DISTRICT JUDGE